IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,    ORDER

    v.        10-cr-2-wmc-1 & 10-cr-98-wmc-1

ROBERT H. MCCALLIE,

       Defendant.

A hearing on the probation office's petition for judicial review of supervised release was held on June 4, 2021, before U.S. District Judge William M. Conley. The following parties appeared by Zoom video conferencing: Assistant U.S. Attorney Julie Pflueger for the government; defendant; appointed defense counsel Gregory Dutch; and Senior U.S. Probation Officer Traci Jacobs.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on August 10, 2010, following his conviction in United States District Court for the Western District of Wisconsin on separate counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), in Case No. 10-cr-2-wmc and 10-cr-98-wmc, both Class B felonies. In addition, in 10-cr-2-wmc, the defendant was separately convicted for use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 924, a Class A felony. On the bank robbery counts, the defendant was committed to the custody of the Bureau of Prisons to serve concurrent terms of 60 months imprisonment, with concurrent three-year terms of supervised release to follow; and on the firearm count, he was given a mandatory

term of 84 months' imprisonment, consecutive to the concurrent 60-month sentences, also with a concurrent three-year term of supervised release to follow. On September 28, 2010, the bank robbery sentences were amended to concurrent 36 month-terms, although the judgment of conviction remained otherwise unchanged.

On October 4, 2018, defendant's concurrent, three-year terms of supervised release commenced. Unfortunately, his overall performance on supervision has been poor as set forth in the Probation Office's original petition for review dated July 23, 2020, which resulted in a judicial teleconference with me, during which I emphasized the importance of compliance with the terms and conditions of supervision, including sobriety, participating in drug testing, paying restitution monthly, and complying with the directions of his Probation Officer. Nevertheless, the defendant has since violated the Mandatory Condition prohibiting his possession of a controlled substance *and* Standard Condition No. 7 requiring that he abstain from the purchase, possession, or use of illegal drugs, when on March 22, 2021, he submitted a urine specimen that tested positive for marijuana, and to his credit, he admitted to smoking marijuana.

Similarly, defendant violated Special Condition No. 4, requiring that he submit to drug testing, when he failed to report for drug testing on January 13, January 29, February 6, February 26, March 13, April 30, May 3, and May 12, 2021.

Defendant also violated Standard Condition No. 3 requiring that he follow the instructions of the probation officer, when on March 31, May 4, May 7, and May 13, 2021, the defendant failed to contact his probation officer as directed.

Defendant further violated Special Condition No. 2, requiring him to submit financial information, including copies of state and federal tax returns. Specifically, on January 8, 2021, defendant was directed to provide the probation officer with copies of his income tax paperwork,

but failed to do so. In January 2021, he was also mailed a financial disclosure statement to complete and was directed to return the statement within 30 days. However, he again failed to do so.

Finally, defendant violated the restitution condition requiring that he pay $100 a month toward restitution, something he failed to do between December 2018 and February 2019, between April and July 2019, and between January and March 2021, making his current restitution balance $2,973.

## ORDER

Although defendant's conduct makes revocation mandatory, by agreement of the parties and the U.S. Probation Office, IT IS ORDERED that the period of supervised release imposed on defendant on August 10, 2010, and affirmed on September 28, 2010 is CONTINUED with formal revocation and imposition of sentence to be DEFERRED until September 10, 2021, at 1:00 p.m. to allow defendant to show a renewed commitment to compliance and stability in the community warranting of a sentence below the advisory guidelines.

If defendant has any subsequent violations of his conditions of supervised release, the court will hold a hearing on or before September 10, 2021, to revoke and impose a sentence, as well as determine if a second term of supervised release is appropriate to assist defendant in his reintegration into the community by addressing the risks and needs that may still be present in his case.

Entered this 7th day of June, 2021,

BY THE COURT:

WILLIAM M. CONLEY
District Judge